# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEDS, LLC, and<br>SR HOLDINGS, LLC, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No.: |
| VANS, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT AND JURY DEMAND

Plaintiffs Keds, LLC and SR Holdings, LLC (collectively referred to herein as "KEDS"), by their attorneys, for their complaint against Defendant Vans, Inc. ("Vans"), hereby allege as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This is an action at law and in equity for trademark infringement, trademark dilution and unfair competition under the Federal Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq. (the "Lanham Act"), as well as Massachusetts state and common law, and for breach of contract under Massachusetts state law.

2. Plaintiff SR Holdings, LLC is a Delaware limited liability company with its principal place of business at 191 Spring Street, Lexington, Massachusetts 02420.  SR Holdings, LLC is the owner of the trademarks discussed below.

3. Plaintiff Keds, LLC is a Massachusetts limited liability company with its principal place of business at 191 Spring Street, Lexington, Massachusetts 02420.  Keds, LLC licenses from SR Holdings, LLC the trademarks discussed below.

4. Upon information and belief, Defendant Vans is a Delaware corporation with its principal place of business at 6550 Katella Avenue, Cypress, California 90630.  Vans designs, markets, and distributes footwear, clothing and accessories.  Vans products are sold throughout the United States through distributors and its retail stores.

5. This Court has jurisdiction because this is a civil action arising under the Trademark Laws of the United States, Section 32 of the Lanham Act, 15 U.S.C. § 1114, jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).  KEDS' state and common law claims are joined and related pursuant to 28 U.S.C. §§ 1367(a) and 1338(b).

6. Upon information and belief, this Court has personal jurisdiction over Vans based on its systematic and continuous contacts with Massachusetts, including but not limited to, offering its products through Massachusetts distributors and operating Vans Store locations in Braintree, Burlington, Natick, and North Attleboro, Massachusetts.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), and in accordance with the parties' August 13, 2012 Agreement.

## FACTS COMMON TO ALL COUNTS

### The Marks

8. SR Holdings, LLC is the owner of two design-only trademarks bearing Registration Nos. 685,185 and 1,784,225 for a blue rectangular design which is attached to the heel or sole of footwear (the "BLUE LABEL Trademarks").

Registration No. 685,185

9. On January 3, 1956, a United States trademark application was filed for a design-only version of "a blue rectangular design which is attached to the heel or instep of the shoe" for "men's, women's and children's shoes made of rubber and fabric" under U.S. Serial No. 72/000,109.

10. U.S. Serial No. 72/000,109 registered on September 15, 1959, as U.S. Trademark Registration No. 685,185 (the "1959 Mark"). A copy of Registration No. 685,185 is attached hereto as Exhibit A.

11. The 1959 Mark was first used in commerce at least as early as 1925, and has been used continuously since that date.

12. On or about October 22, 1964, the 1959 Mark became incontestable.

13. During post-registration proceedings, the word "Men's" was removed from the description of goods for the 1959 Mark.

14. SR Holdings, LLC currently owns the entire interest and goodwill associated with the 1959 Mark and licenses the 1959 Mark to Keds, LLC.

15. The following exemplar of the 1959 Mark was submitted to the United States Patent & Trademark Office ("PTO") on November 16, 2009 to support a Declaration of Use and shows the 1959 Mark used in connection with the recited goods:



16. In 1989, the First Circuit held, in *Keds Corp. v. Renee Int'l Trading Corp.*, that the 1959 Mark is a strong, valid, incontestable trademark. 888 F.2d 215, 221, 222 (1st Cir. 1989).

Registration No. 1,784,225

17. On December 2, 1992, a United States trademark application was filed for a design-only version of "a blue rectangular design which is attached to the heel or sole of footwear" for "footwear" under U.S. Serial No. 74/336,129.

18. U.S. Serial No. 74/336,129 registered on July 27, 1993 as U.S. Trademark Registration No. 1,784,225 (the "1993 Mark"). A copy of Registration No. 1,784,225 is attached hereto as Exhibit B.

19. The 1993 Mark was first used in commerce at least as early as 1925, and has been used continuously since that date.

20. On September 2, 1999, the 1993 Mark became incontestable.

21. SR Holdings, LLC currently owns the entire interest and goodwill associated with the 1993 Mark and licenses the 1993 Mark to Keds, LLC.

22. The following exemplar of the 1993 Mark was submitted to the PTO to support a Declaration of Use on August 15, 2012 and shows the 1993 Mark used in connection with the recited goods:



**Use and Promotion of the BLUE LABEL Trademarks**

23. Currently, KEDS and its licensees and affiliates are using the BLUE LABEL Trademarks in connection with the sale of footwear products, including but not limited to women's and children's shoes made of rubber and fabric, in interstate commerce, including in this judicial district.  Two recent exemplars of the BLUE LABEL Trademarks used in connection with such KEDS goods are shown below:



24. The BLUE LABEL Trademarks have been marketed and promoted extensively over the years on television, in major magazines, and via the Internet, for example, through the

use of social media websites. In addition, KEDS invests substantial amounts in advertising and promoting the goods identified by the BLUE LABEL Trademarks.

25. As a result of the substantial use and promotion of the BLUE LABEL Trademarks for many years in connection with footwear, the BLUE LABEL Trademarks have achieved substantial public recognition and have become famous as a source indicator among the relevant consuming public. The BLUE LABEL Trademarks possess significant goodwill of great value to KEDS.

### Vans' Wrongful Acts

26. Vans has used, and continues to use, a blue rectangular design attached to the heel of several styles of its footwear sold in interstate commerce. On information and belief, Vans is currently selling footwear bearing the BLUE LABEL Trademarks on the heel of footwear in this judicial district.

27. Vans' use of the BLUE LABEL Trademarks is an attempt to trade on the goodwill associated with the BLUE LABEL Trademarks.

### 2011 Litigation and 2012 Agreement

28. Vans is well aware of the BLUE LABEL Trademarks, and has attempted before to exploit the goodwill associated with them. On December 14, 2011, KEDS filed suit in this Court alleging trademark infringement, trademark dilution, and unfair competition under the Lanham Act, as well as Massachusetts state and common law, based on Vans' misappropriation of the very same BLUE LABEL Trademarks at issue here. *See Keds, LLC et al. v. Vans, Inc.*, No. 1:11-cv-12222-RWZ (the "2011 Litigation").

29. KEDS and Vans (collectively, the "Parties") entered into a written Settlement Agreement (the "2012 Agreement") on August 13, 2012 that ended the 2011 Litigation. In the

2012 Agreement, Vans agreed "that for as long as the [BLUE LABEL Trademarks] remain valid and enforceable trademarks, subject only to [sell-off rights set forth in the Agreement], [Vans] shall not manufacture, market, distribute or sell footwear bearing a rectangular label on the heel using as the background color Pantone 19-3864 TPX Mazarine Blue []), the background colors blue used in the heels of the Accused Footwear (Pantones 19-3939 Blueprint and 19-3730 Gentian Violet []), or using background blue colors confusingly similar thereto."  The three specific shades mentioned therein (the "Explicitly Proscribed Shades") are shown below:



| Mazarine Blue | Blueprint | Gentian Violet |

30. In the 2012 Agreement, the Parties agreed that "a breach of this Agreement by Vans will cause irreparable injury to SR Holdings, that recovery of damages will not be a sufficient legal remedy, and that SR Holdings shall be entitled to specific performance thereof and injunctive relief, in addition to any or all other remedies, legal or equitable, to which it may be entitled."

31. In the 2012 Agreement, Vans represented and provided a warranty that as of August 13, 2012, and other than the specific footwear disclosed in Exhibit C to the Agreement, "there [was] no other footwear bearing a blue label on the heel or sole in Pantone Color 19-3864 TPX, in the colors used on the heel label of the Accused Footwear, or in colors confusingly similar thereto."

32. In October 2013, KEDS discovered that Vans was still selling footwear bearing rectangular heel tags using background blue colors confusingly similar to the Explicitly

Proscribed Shades, which also were confusingly similar to or dilutive of the BLUE LABEL Trademarks.

33.     At least the following 21 newly-accused designs shown below and identified by name and SKU have been identified since October 2013 as having been sold by Vans after the parties executed the 2012 (exemplary documentation showing recent sales of such footwear is attached as Exhibit C):





34. KEDS also has reason to believe that, contrary to Vans' representation and warranty provided in the 2012 Agreement as discussed in Paragraph 31 above, more styles bearing prohibited background blue colors and infringing the BLUE LABEL Trademarks were sold prior to execution of the 2012 Agreement, beyond those addressed in the 2012 Agreement.

35. Below are some side-by-side exemplars of recent KEDS shoes, and Vans shoes offered for sale after execution of the 2012 Agreement, each bearing the BLUE LABEL Trademarks on the heel:

9



*KEDS shoes*          *Vans shoes*

36.     Vans has been aware of its infringement of the BLUE LABEL Trademarks since at least as early as August 2010, and was notified by KEDS at least as early as October 7, 2013 of its ongoing trademark infringement and breach of the 2012 Agreement. Yet Vans continues to sell footwear that bears the protected design on the heel. Unless and until Vans is enjoined from any further unauthorized exploitation of the BLUE LABEL Trademarks and breach of the 2012 Agreement, Vans will continue to use the BLUE LABEL Trademarks in violation of KEDS' rights.

37.     Vans' use of the BLUE LABEL Trademarks diminishes and dilutes the value of the footwear business for KEDS and/or its licensees and affiliates.

38. Upon information and belief, by virtue of its unlawful conduct, Vans has earned revenue to which it is not entitled in law or equity.

39. Vans' actions have been undertaken in willful, wanton, and blatant disregard of KEDS' rights.

40. As a result of Vans' unlawful and willful actions, KEDS has been damaged and has suffered, and continues to suffer, substantial, immediate, and irreparable injury for which it has no adequate remedy at law.

41. That irreparable injury includes, for example: KEDS' loss of control of the use of the famous and valuable BLUE LABEL Trademarks and inability to make certain that those marks are not being distorted or negatively impacted in the public eye; and confusion caused to the consumer by making the consumer mistakenly believe that Vans' footwear is connected with, sponsored by, or approved by KEDS, when it is not.

42. The activities of Vans complained of herein have damaged KEDS in an amount that is as yet undetermined.

## COUNT I
## BREACH OF CONTRACT

43. KEDS realleges the allegations of Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

44. The Parties entered into the 2012 Agreement, which required Vans to stop manufacturing, marketing, distributing or selling footwear bearing rectangular heel tags using as background colors three specific shades of blue or any other background blue colors confusingly similar thereto.

45. KEDS has fully performed its obligations under the 2012 Agreement, which remains in effect as a valid and binding contract.

46. As described herein, Vans has materially breached the 2012 Agreement by continuing to manufacture, market, distribute and sell footwear bearing rectangular heel tags using background blue colors confusingly similar to the three Explicitly Proscribed Shades of blue therein; and, by providing a false representation and warranty in the 2012 Agreement as to shoes using background blue colors confusingly similar to the three Explicitly Proscribed Shades of blue prior to the effective date of the 2012 Agreement.

47. As a result of Vans' breach of the 2012 Agreement, KEDS has sustained, and continues to sustain, damages in an amount that is as yet undetermined.

48. KEDS has also been irreparably harmed by Vans' breach of the 2012 Agreement.

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT

49. KEDS realleges the allegations of Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

50. Vans' use of the BLUE LABEL Trademarks is likely to cause confusion, mistake, or deception as to the source of Vans' or KEDS' products. Specifically, Vans' use of the BLUE LABEL Trademarks is likely to cause purchasers and others to mistakenly believe that Vans' products are legitimately connected with, sponsored by, or approved by KEDS, or that KEDS' products are connected with, sponsored by, or approved by Vans.

51. Vans' use of the BLUE LABEL Trademarks on its products violates KEDS' exclusive rights in its BLUE LABEL Trademarks and constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

52. Vans' activities described above have been willful, wanton, and in deliberate disregard of the BLUE LABEL Trademarks, and for the purpose of intentionally misappropriating and capitalizing on KEDS' goodwill.

53. Vans' use of the BLUE LABEL Trademarks on its products is greatly and irreparably damaging to KEDS and will continue to greatly and irreparably damage KEDS unless restrained by this Court. As a result, KEDS is without an adequate remedy at law.

54. The activities of Vans complained of herein have damaged KEDS in an amount that is as yet undetermined.

55. KEDS has also been irreparably harmed by Vans' infringement of the BLUE LABEL Trademarks.

## COUNT III
## FEDERAL UNFAIR COMPETITION

56. KEDS realleges the allegations of Paragraphs 1 through 55 of this Complaint as though fully set forth herein.

57. Vans' use of the BLUE LABEL Trademarks is likely to cause confusion, mistake, or deception as to the source or origin of Vans' or KEDS' products. Specifically, Vans' use of the BLUE LABEL Trademarks is likely to cause purchasers and others to mistakenly believe that Vans' products are legitimately connected with, sponsored by, or approved by KEDS, or that KEDS' products are connected with, sponsored by, or approved by Vans.

58. Vans' use of the BLUE LABEL Trademarks on its products constitute the use in commerce of false designation of origin, and false or misleading descriptions of fact or false and misleading representations of fact and constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59. Vans' activities described above have been willful, wanton, and in deliberate disregard of the BLUE LABEL Trademarks, and for the purpose of intentionally misappropriating and capitalizing on KEDS' goodwill.

60. Vans' use of the BLUE LABEL Trademarks on its products is greatly and irreparably damaging to KEDS and will continue to greatly and irreparably damage KEDS unless restrained by this Court. As a result, KEDS is without an adequate remedy at law.

61. The activities of Vans complained of herein have damaged KEDS in an amount that is as yet undetermined.

## COUNT IV
## FEDERAL DILUTION

62. KEDS realleges the allegations of Paragraphs 1 through 61 of this Complaint as though fully set forth herein.

63. The BLUE LABEL Trademarks are famous and were famous prior to Vans' unauthorized use of such marks within the meaning of 15 U.S.C. § 1125(c).

64. Vans' actions as described above constitute dilution of the distinctive quality of the famous and distinctive BLUE LABEL Trademarks, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

65. The activities of Vans complained of herein have damaged KEDS in an amount that is as yet undetermined, and caused KEDS irreparable harm as well.

## COUNT V
## STATE AND COMMON LAW TRADEMARK INFRINGEMENT

66. KEDS realleges the allegations of Paragraphs 1 through 65 of this Complaint as though fully set forth herein.

67. Vans' use of the BLUE LABEL Trademarks is likely to cause confusion, mistake, or deception as to the source of Vans' or KEDS' products. Specifically, Vans' use of the BLUE LABEL Trademarks is likely to cause purchasers and others to mistakenly believe that Vans' products are legitimately connected with, sponsored by, or approved by KEDS, or that KEDS' products are connected with, sponsored by, or approved by Vans.

68. Vans' use of the BLUE LABEL Trademarks on its products has been done without KEDS' consent and violates KEDS' exclusive rights in its BLUE LABEL Trademarks, thereby constituting trademark infringement in violation of the laws of the Commonwealth of Massachusetts, Mass. Gen. Laws, ch. 110H, § 12 and the common law of Massachusetts.

69. Vans' activities described above have been willful, wanton, and in deliberate disregard of the BLUE LABEL Trademarks, and for the purpose of intentionally misappropriating and capitalizing on KEDS' goodwill.

70. Vans' use of the BLUE LABEL Trademarks on its products is greatly and irreparably damaging to KEDS and will continue to greatly and irreparably damage KEDS unless restrained by this Court. As a result, KEDS is without an adequate remedy at law.

71. The activities of Vans complained of herein have damaged KEDS in an amount that is as yet undetermined.

## COUNT VI
## STATE AND COMMON LAW UNFAIR COMPETITION

72. KEDS realleges the allegations of Paragraphs 1 through 71 of this Complaint as though fully set forth herein.

73. Vans' use of the BLUE LABEL Trademarks is likely to cause confusion, mistake, or deception as to the source or origin of Vans' or KEDS' products. Specifically, Vans' use of

the BLUE LABEL Trademarks is likely to cause purchasers and others to mistakenly believe that Vans' products are legitimately connected with, sponsored by, or approved by KEDS, or that KEDS' products are connected with, sponsored by, or approved by Vans.

74. Vans' use of the BLUE LABEL Trademarks on its products constitute the use in commerce of false designation of origin, and false or misleading descriptions of fact or false and misleading representations of fact and constitutes unfair competition in violation of the laws of the Commonwealth of Massachusetts, Mass. Gen. Laws, ch. 93A, §§ 2, 11 and the common law of Massachusetts.

75. Vans' activities described above have been willful, wanton, and in deliberate disregard of the BLUE LABEL Trademarks, and for the purpose of intentionally misappropriating and capitalizing on KEDS' goodwill.

76. Vans' use of the BLUE LABEL Trademarks on its products is greatly and irreparably damaging to KEDS and will continue to greatly and irreparably damage KEDS unless restrained by this Court. As a result, KEDS is without an adequate remedy at law.

77. The activities of Vans complained of herein have damaged KEDS in an amount that is as yet undetermined.

## COUNT VII
## STATE AND COMMON LAW DILUTION

78. KEDS realleges the allegations of Paragraphs 1 through 77 of this Complaint as though fully set forth herein.

79. Vans' actions as described above constitute dilution of the distinctive quality of the famous and distinctive BLUE LABEL Trademarks, in violation of the laws of

Commonwealth of Massachusetts, Mass. Gen. Laws ch. 110H § 13 and the common law of Massachusetts.

80. The activities of Vans complained of herein have damaged KEDS in an amount that is as yet undetermined, and have caused KEDS irreparable harm as well.

## JURY DEMAND

81. KEDS demands a trial by jury on all causes of action, claims and defenses.

## REQUEST FOR RELIEF

WHEREFORE, KEDS respectfully requests that the Court enter an Order against Vans as follows:

A. Preliminarily and permanently restraining and enjoining Vans, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice thereof, jointly and severally, from:

    i. using the BLUE LABEL Trademarks on any of its products;

    ii. representing by any means whatsoever, directly or indirectly, that any products sold or services rendered by Vans are associated with, sponsored by, and/or connected or affiliated with KEDS, or from otherwise taking any action likely to cause confusion, mistake or deception on the part of purchasers as to the origin or sponsorship of Vans' products or services;

    iii. otherwise competing unfairly with KEDS in any manner;

    iv. using any words, names, styles, designs, titles, or marks that create a likelihood of injury to the business reputation of KEDS;

    v. continuing to breach the August 13, 2012 Agreement;

      vi.      continuing to perform in any manner whatsoever any of the acts complained of in this Complaint; or

      vii.      causing, engaging in or permitting others to do any of the aforesaid acts;

B. Requiring Vans to immediately recall from the trade and all distribution channels all products, packaging, advertising, and promotional materials bearing the BLUE LABEL Trademarks;

C. Directing Vans to deliver up to this Court by a date that the Court will direct, for impounding, destruction or other disposition, all materials bearing the BLUE LABEL Trademarks in Vans' possession, custody, or control, including, without limitation, all merchandise, transfer designs, packaging, package inserts, labels, signs, prints, wrappers, receptacles, advertising or other materials and the means for making or reproducing same, that violate the provisions of Paragraph A above, or any portion thereof;

D. Directing Vans to file with the Court and serve on counsel for KEDS within thirty (30) days after entry of any preliminary or permanent injunction issued by the Court in this action, a sworn written statement as provided in 15 U.S.C. § 1116 setting forth in detail the manner and form in which Vans has complied with the injunction;

E. Directing Vans to specifically perform its obligations under the August 13, 2012 Agreement;

F. Directing Vans to account to KEDS for all gains, profits, and advantages derived from Vans' wrongful acts above described and remit such gains and profits to KEDS;

G. Directing that Vans pay KEDS such damages as KEDS has sustained as a consequence of Vans' wrongful acts complained of herein;

H.Directing that the aforesaid amounts be multiplied or otherwise enhanced as authorized by law;

I.Awarding KEDS on its state law claims, compensatory damages in an amount to be determined at trial;

J.Awarding KEDS punitive damages in such amount as may be determined at trial;

K.Finding that this be an "exceptional case," because of the willful nature of these violations, and directing that Vans pay KEDS the costs of this action and their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117; and

L.Granting KEDS such other and further relief as the Court may deem just and proper.

Dated: May 8, 2014Respectfully submitted,

 /s/ Kimberly A. Mottley
Kimberly A. Mottley (BBO #651190)
Nathan T. Harris (BBO #675533)
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110
Tel:  (617) 526-9600
Fax:  (617) 526-9899
Email:  kmottley@proskauer.com
Email:  nharris@proskauer.com