**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

---

**KEDS, LLC and SR HOLDINGS, LLC,**

          Plaintiffs/Counter Defendants,

          v.

**VANS, INC.,**

          Defendant/Counter Claimant.

CIVIL ACTION NO. 1:14-cv-12053-IT

---

**DEFENDANT VANS, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND**
**COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT AND JURY DEMAND**

Defendant Vans, Inc. ("Vans"), by and through its attorneys, provides the following Answer, Affirmative Defenses, and Counterclaims to Plaintiffs Keds, LLC and SR Holdings, LLC's (collectively, "Keds") Complaint and Jury Demand, as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      Vans admits this purports to be an action for trademark infringement, trademark dilution, and unfair competition under the Lanham Act as well as under Massachusetts state and common law, and for breach of contract under Massachusetts law, but denies any liability as asserted in the Complaint.

2.      Upon information and belief, admitted.

3.      Upon information and belief, admitted.

4.      Vans admits only that it is a Delaware Corporation and that it maintains offices at 6550 Katella Avenue, Cypress, California 90630. The remaining allegations contained in Paragraph 4 are denied.

5.     Vans admits only that this Court has subject matter jurisdiction over this dispute to the extent it involves actions or activities in the United States.  To the extent the claims of Paragraph 5 would extend to any activities or sales outside the United States, such claims are denied.

6.     Vans admits only that this Court has personal jurisdiction over Vans for purposes of this dispute.

7.     Vans admits only that the venue is proper in the District of Massachusetts.

## FACTS COMMON TO ALL COUNTS

### The Marks

8.     Vans lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 and, therefore, denies the allegations.

<u>Registration No. 685,185</u>

9.     Vans lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 and, therefore, denies the allegations.

10.     Vans lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 and, therefore, denies the allegations.

11.     Vans lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 and, therefore, denies the allegations.

12.     Vans lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 and, therefore, denies the allegations. By way of further response, the allegations of Paragraph 12 contain conclusions of law to which no response is required.

13.     Vans lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 and, therefore, denies the allegations.

14.     Vans lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 and, therefore, denies the allegations.

15.     Vans lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 and, therefore, denies the allegations.

16.     Vans admits only that the United States Court of Appeals for the First Circuit issued an opinion in *Keds Corp. v. Renee Int'l Trading Corp.* in 1989 and that the citation for this opinion is 888 F.2d 215 (1st Cir. 1989).   The remaining allegations contained in Paragraph 16 are denied.

<u>Registration No. 1,784,225</u>

17.     Vans lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 and, therefore, denies the allegations.

18.     Vans lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 and, therefore, denies the allegations.

19.     Vans lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 and, therefore, denies the allegations.

20.     Vans lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 and, therefore, denies the allegations. By way of further response, the allegations of Paragraph 20 contain conclusions of law to which no response is required.

21.     Vans lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 and, therefore, denies the allegations.

22.     Vans lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 and, therefore, denies the allegations.

## Use and Promotion of the BLUE LABEL Trademarks

23.     Vans lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 and, therefore, denies the allegations.

24.     Vans lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 and, therefore, denies the allegations.

25.     Vans lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 and, therefore, denies the allegations. By way of further response, the allegations of Paragraph 25 contain conclusions of law to which no response is required.  To the extent any response may be required, the allegations are denied.

## Vans' Alleged Wrongful Acts

26.     Vans admits only that it sells in interstate commerce certain styles of shoes that use a functional rectangular background ("Background") which is attached to the heels of the shoes, on which Vans prints or affixes one of its internationally renowned Trademarks, including, but not limited to, the marks shown below:



(collectively and severally, "Vans Trademarks").  Vans further admits the Vans Trademarks and Background are comprised of a variety of colors intended to match and/or coordinate with the colors used on the shoe ("Matching Colors") and that the Matching Colors may be comprised of a variety of different colors, including various shades of blacks, whites, reds, oranges, yellows, greens, blues, and purples.  The remaining allegations contained in Paragraph 26 are denied.

27.     The allegations contained in Paragraph 27 are denied.

**2011 Litigation and 2012 Agreement**

28.     Vans admits only that Keds filed a lawsuit in this Court captioned, *Keds, LLC et al v. Vans, Inc.*, No. 1-11-cv-12222-RWZ (the "2011 Litigation").   The remaining allegations contained in Paragraph 28 are denied.

29.     Vans admits only that it entered into a written Agreement with Keds on or about August 13, 2012 (the "2012 Agreement"). The remaining allegations contained in Paragraph 29 are denied.

30.     Vans admits only that Paragraph 30 accurately, but selectively quotes from the 2012 Agreement.

31.     Vans admits only that Paragraph 31 accurately, but selectively quotes from the 2012 Agreement.

32.     The allegations contained in Paragraph 32 are denied.  By way of further response, the allegations of Paragraph 32 contain conclusions of law to which no response is required.

33.     Vans admits only that the pictures contained in Paragraph 33 appear to show Vans' branded shoes bearing Vans Trademarks and that there are documents set forth in Exhibit "C."  The remaining allegations contained in Paragraph 33 are denied.

34.     The allegations contained in Paragraph 34 are denied.  By way of further response, the allegations of Paragraph 34 contain conclusions of law to which no response is required.

35.     Vans admits only that the pictures contained in Paragraph 35 appear to show Keds' shoes bearing the word Keds and Vans' branded shoes bearing Vans Trademarks. The remaining allegations contained in Paragraph 35 are denied.

36.     Vans admits only that Keds contacted Vans on or about October 7, 2013. The remaining allegations contained in Paragraph 36 are denied. By way of further response, the allegations of Paragraph 36 contain conclusions of law to which no response is required.

37.     The allegations contained in Paragraph 37 are denied.  By way of further response, the allegations of Paragraph 37 contain conclusions of law to which no response is required.

38.     The allegations contained in Paragraph 38 are denied.  By way of further response, the allegations of Paragraph 38 contain conclusions of law to which no response is required.

39.     The allegations contained in Paragraph 39 are denied.  By way of further response, the allegations of Paragraph 39 contain conclusions of law to which no response is required.

40.     The allegations contained in Paragraph 40 are denied.  By way of further response, the allegations of Paragraph 40 contain conclusions of law to which no response is required.

41.     The allegations contained in Paragraph 41 are denied.  By way of further response, the allegations of Paragraph 41 contain conclusions of law to which no response is required.

42.     The allegations contained in Paragraph 42 are denied.  By way of further response, the allegations of Paragraph 42 contain conclusions of law to which no response is required.

## COUNT I
## BREACH OF CONTRACT

43.     Vans' responses to Paragraphs 1 through 42 above are incorporated by reference as if set forth herein.

44.     Vans admits only that it entered into the 2012 Agreement with Keds.  The remaining allegations contained in Paragraph 44 are denied.

45.     The allegations contained in Paragraph 45 are denied.  By way of further response, the allegations of Paragraph 45 contain conclusions of law to which no response is required.

46.     The allegations contained in Paragraph 46 are denied.  By way of further response, the allegations of Paragraph 46 contain conclusions of law to which no response is required.

47.     The allegations contained in Paragraph 47 are denied.  By way of further response, the allegations of Paragraph 47 contain conclusions of law to which no response is required.

48.     The allegations contained in Paragraph 48 are denied.  By way of further response, the allegations of Paragraph 48 contain conclusions of law to which no response is required.

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT

49.     Vans' responses to Paragraphs 1 through 48 above are incorporated by reference as if set forth herein.

50.     The allegations of Paragraph 50 contain conclusions of law to which no response is required.  To the extent any response may be required, the allegations are denied.

51. The allegations of Paragraph 51 contain conclusions of law to which no response is required. To the extent any response may be required, the allegations are denied.

52. The allegations of Paragraph 52 contain conclusions of law to which no response is required. To the extent any response may be required, the allegations are denied.

53. The allegations of Paragraph 53 contain conclusions of law to which no response is required. To the extent any response may be required, the allegations are denied.

54. The allegations contained in Paragraph 54 are denied. By way of further response, the allegations of Paragraph 54 contain conclusions of law to which no response is required.

55. The allegations contained in Paragraph 55 are denied. By way of further response, the allegations of Paragraph 55 contain conclusions of law to which no response is required.

## COUNT III
## FEDERAL UNFAIR COMPETITION

56. Vans' responses to Paragraphs 1 through 55 above are incorporated by reference as if set forth herein.

57. The allegations of Paragraph 57 contain conclusions of law to which no response is required. To the extent any response may be required, the allegations are denied.

58. The allegations of Paragraph 58 contain conclusions of law to which no response is required. To the extent any response may be required, the allegations are denied.

59. The allegations of Paragraph 59 contain conclusions of law to which no response is required. To the extent any response may be required, the allegations are denied.

60. The allegations of Paragraph 60 contain conclusions of law to which no response is required. To the extent any response may be required, the allegations are denied.

61.     The allegations contained in Paragraph 61 are denied.  By way of further response, the allegations of Paragraph 61 contain conclusions of law to which no response is required.

## COUNT IV
## FEDERAL DILUTION

62.     Vans' responses to Paragraphs 1 through 61 above are incorporated by reference as if set forth herein.

63.     The allegations of Paragraph 63 contain conclusions of law to which no response is required.  To the extent any response may be required, the allegations are denied.

64.     The allegations of Paragraph 64 contain conclusions of law to which no response is required.  To the extent any response may be required, the allegations are denied.

65.     The allegations contained in Paragraph 65 are denied.  By way of further response, the allegations of Paragraph 65 contain conclusions of law to which no response is required.

## COUNT V
## STATE AND COMMON LAW TRADEMARK INFRINGEMENT

66.     Vans' responses to Paragraphs 1 through 65 above are incorporated by reference as if set forth herein.

67.     The allegations of Paragraph 67 contain conclusions of law to which no response is required.  To the extent any response may be required, the allegations are denied.

68.     The allegations of Paragraph 68 contain conclusions of law to which no response is required.  To the extent any response may be required, the allegations are denied.

69.     The allegations of Paragraph 69 contain conclusions of law to which no response is required.  To the extent any response may be required, the allegations are denied.

70.     The allegations contained in Paragraph 70 are denied.  By way of further response, the allegations of Paragraph 70 contain conclusions of law to which no response is required.

71.     The allegations contained in Paragraph 71 are denied.  By way of further response, the allegations of Paragraph 71 contain conclusions of law to which no response is required.

**COUNT VI**
**STATE AND COMMON LAW UNFAIR COMPETITION**

72.     Vans' responses to Paragraphs 1 through 71 above are incorporated by reference as if set forth herein.

73.     The allegations of Paragraph 73 contain conclusions of law to which no response is required.  To the extent any response may be required, the allegations are denied.

74.     The allegations of Paragraph 74 contain conclusions of law to which no response is required.  To the extent any response may be required, the allegations are denied.

75.     The allegations of Paragraph 75 contain conclusions of law to which no response is required.  To the extent any response may be required, the allegations are denied.

76.     The allegations contained in Paragraph 76 are denied.  By way of further response, the allegations of Paragraph 76 contain conclusions of law to which no response is required.

77.     The allegations contained in Paragraph 77 are denied.  By way of further response, the allegations of Paragraph 77 contain conclusions of law to which no response is required.

## COUNT VII
## <u>STATE AND COMMON LAW DILUTION</u>

78.     Vans' responses to Paragraphs 1 through 77 above are incorporated by reference as if set forth herein.

79.     The allegations of Paragraph 79 contain conclusions of law to which no response is required.  To the extent any response may be required, the allegations are denied**.**

80.     The allegations contained in Paragraph 80 are denied.  By way of further response, the allegations of Paragraph 80 contain conclusions of law to which no response is required.

### <u>JURY DEMAND</u>

81.     The demand set forth in Paragraph 81 does not require a response.

### <u>REQUEST FOR RELIEF</u>

WHEREFORE, Vans demands judgment in its favor and against Keds, together with all other relief as is just and appropriate.

### <u>AFFIRMATIVE DEFENSES</u>

### FIRST AFFIRMATIVE DEFENSE

Keds' purported BLUE LABEL Trademarks are functional and not subject to any trademark protection.

### SECOND AFFIRMATIVE DEFENSE

Keds' purported BLUE LABEL Trademarks are aesthetically functional and not subject to any trademark protection.

### THIRD AFFIRMATIVE DEFENSE

Keds' claims regarding its purported BLUE LABEL Trademarks are overly broad and are not functioning as a trademark given Keds' limited actual use of a particular shade of

blue in the marketplace, which shade of blue is reflected as Pantone 19-3864 TPX known as Mazarine Blue.

## FOURTH AFFIRMATIVE DEFENSE

Keds' claims fail to state a claim for relief upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

Keds' claims are barred by the equitable doctrines of acquiescence, waiver, laches, estoppel and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Keds' claims are barred by unilateral and/or mutual mistake.

## SEVENTH AFFIRMATIVE DEFENSE

Keds is not entitled to some or all of the relief sought.

## EIGHTH AFFIRMATIVE DEFENSE

Keds' claims are barred by the statute of limitations.

## RESERVATION OF AFFIRMATIVE DEFENSES

Vans reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may be available now or that may become available in the future, based on discovery or other factual investigation of this case.

## COUNTERCLAIMS

Vans is seeking cancellation of U.S. Trademark Registration Nos. 685,185 and 1,784,225, each for a blue rectangular design which is attached to the heel or sole of footwear, (collectively, the "BLUE LABEL Trademarks")[1] on the basis that the color identified and

---

[1] Vans only uses the term BLUE LABEL Trademarks for ease of reference as the term is defined in the Complaint, and such use is without any admission as to the validity and/or ownership of the U.S. Trademark Registrations to which the term refers.

claimed therein is functional and therefore incapable of functioning as a trademark. Alternatively, Vans is seeking cancellation or restriction of the BLUE LABEL Trademarks to limit the scope of the Registrations solely to the particular shade of blue used by SR Holdings, LLC and Keds, LLC believed to be Pantone 19-3864 TPX known as Mazarine Blue. Vans is also seeking reformation of the 2012 Agreement to correct a mutual mistake (or a unilateral mistake known to Keds) regarding the Pantone colors specifically identified in the body of the 2012 Agreement. In support of its Counterclaims, Vans alleges as follows:

**THE PARTIES**

1.      Vans, Inc. ("Vans") is a Delaware corporation having its principle place of business at 6550 Katella Avenue, Cypress, California 90630.

2.      On information and belief, SR Holdings, LLC is a Delaware limited liability company with its principal place of business at 191 Spring Street, Lexington, Massachusetts 020420.

3.      On information and belief, Keds, LLC is a Massachusetts limited liability company with its principal place of business at 191 Spring Street, Lexington, Massachusetts 020420.

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332(a); and 1338(a); and under the Lanham Act, 15 U.S.C. § 1121.

5.      This Court has personal jurisdiction over SR Holdings, LLC and Keds LLC (collectively, "Keds") because, among other things Keds submitted to this Court's jurisdiction by filing its Complaint against Vans in this Court.

6.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and because Keds has consented to venue in this District by filing its Complaint in this District.

## FACTS

### Background on Vans and Its Use of Heel Tabs on Footwear

7.      Vans was founded in 1966 as a skateboarding company.

8.      Over nearly 50 years, Vans has grown to be an internationally renowned designer and seller of athletic and casual footwear and apparel, including for the action sports of skateboarding, surfing, snowboarding, BMX and Moto-X (collectively, "Action Sports").

9.      The reach of the *Vans*® brand extends well beyond sport, reaching into the lifestyles and cultures surrounding its Action Sports roots.

10.     In addition to sports events such as the *Vans*® Triple Crown of Surfing and the *Vans*® U.S. Open of Surfing, Vans has, for the past 20 years, sponsored the *Vans*® Warped Tour – one of the world's longest-running music festivals.  In 2013, the *Vans*® Warped Tour drew in more than 500,000 people in the U.S., Mexico, Australia, and Europe.

11.     The *Vans*® brand has gained worldwide recognition through a global network of wholesale partners and through over 400 dedicated *Vans*® branded retail stores around the world, including over 300 such stores in the United States.

12.     Vans counts and credits tens of millions of brand loyalists, who continue to drive the growth of the *Vans*® brand.

13.     As a result of its internationally recognized brand and loyal following, Vans has enjoyed enormous commercial success.  In 2013, the *Vans*® brand generated more than $1.7 Billion in worldwide revenues and is projected to eclipse $2.9 Billion in worldwide revenues by 2017.

14.     Vans has protected its famous name and brand, securing numerous trademark registrations in the United States and around the world for its Vans Trademarks, including, but not limited to, U.S. Trademark Registration No. 2174502 for VANS OFF THE

WALL & Design® for various clothing and footwear, and U.S. Trademark Registration No. 1,861,882 for VANS® (stylized) for footwear and various clothing, which are shown below:

**Registration No. 2,174,502**
("the '502 Registration")

**Registration No. 1,861,882**
("the '882 Registration")




15.     Vans designs and sells footwear branded with the aforementioned marks or other Vans Trademarks, intended for both athletic and non-athletic use primarily for young men and boys.

16.     Upon information and belief, Keds manufactures and sells shoes intended for non-athletic purposes primarily for young women and girls.

17.     *Vans*® branded footwear generally includes a heel tab to display one of the Vans Trademarks.  The marks of the '502 and '882 Registrations are the typical marks used on the heel tabs.  However, Vans does use other of its marks, including OTW (U.S. Registration No. 3,815,675) or the internationally renowned Vans checkerboard pattern (U.S. Reg. No. 3,906,738).

18.     The colors chosen for the Vans Trademark and the rectangular background of the heel tab (the "Background") vary widely and are aesthetic design features. The colors of the Vans Trademarks and the Background, are frequently in contrasting colors, so as to clearly set off the Vans Trademarks, as shown below:



19.     The color of the Background for the heel tab is often in a contrasting color to the foxing/outsole of the shoe to further highlight the Vans Trademarks, and in a similar or complementary color to the remainder of the shoe.

20.     The Vans Trademarks serve as source identifiers, indicating the shoes are *Vans*® branded shoes. The Background, however, does not serve any source identifying function, but rather serves only as a surface on which the Vans Trademarks may be applied.

21.     Vans has used a full range of shades of blacks, whites, reds, oranges, yellows, greens, blues, and purples as colors for the Backgrounds of heel tabs or for the Vans Trademarks applied to the Backgrounds.

22.     Neither the colors of the Vans Trademarks applied to the shoes, nor the colors of Background, serve any source identifying function. Rather, the colors of the Vans Trademarks and the Background are chosen to complement the remaining colors of the shoe.

23.     If not permitted to use the Background and/or use shades of the color blue in both the Background and the Vans Trademarks, Vans will be at a competitive disadvantage which will unfairly limit the functional and aesthetic designs which Vans can utilize.

24.     The shape, placement, and color of the Background are not intended to function as identifiers of source, and do not function as such identifiers. These features are merely functional from a manufacture and design perspective.

25.     Neither BLUE LABEL Trademarks purport to claim any trade, business, or product name, or logo such as, the word KEDS. Rather these Registrations claim only a shape and a color in association with footwear.

26.     The alleged marks set forth in the BLUE LABEL Trademarks, if enforced against competitors in the manner Keds' seeks, would serve only to convey exclusive ownership of an aesthetic and functional feature, conferring a significant benefit to Keds, which cannot be utilized by third parties, such as Vans.

27.     Color serves an aesthetic function in footwear, whether designed primarily for fashion or athletic purposes. Third parties design, produce, market, and sell footwear comprised in whole or in part of numerous and varying shades of blue.

28.     Besides Vans and Keds, third parties use rectangular shaped backgrounds bearing names or marks affixed to footwear, either on the heel or on other portions of shoes.

29.     Besides Vans and Keds, third parties have used and use rectangular heel tabs affixed to footwear that use various shades of blue.

## The Mistake in the 2012 Agreement Between Vans and Keds

30.     During the negotiations for the 2012 Agreement, Vans and Keds intended to accurately identify the specific Pantone colors used for the backgrounds of the heel tabs of the Accused Footwear shown in Exhibit A to the 2012 Agreement (the "Ex. A Accused Footwear"), which accused footwear is shown below:

 

31.     However, the body of the 2012 Agreement mistakenly identified Pantones 19-3939 Blueprint and 19-3730 Gentian Violet (the "Mistaken Colors") as the background colors used on the heel tabs of the Ex. A Accused Footwear, which colors are shown below:

### Mistaken Colors

<u>Pantone 19-3939 - Blueprint</u>          <u>Pantone 19-3730 Gentian Violet</u>

                              

32.     Instead, the actual Pantone colors used as the backgrounds on the heel tabs of the Ex. A. Accused Footwear were Pantones 19-4052 TPX Classic Blue and 19-3864 TPX Mazarine Blue (the "Actual Colors"), which colors are shown below:

**Actual Colors**

<table>
<tr><td align="center">19-4052 TPX - Classic Blue</td><td align="center">19-3864 TPX - Mazarine Blue</td></tr>
<tr><td align="center"></td><td align="center"></td></tr>
</table>

33.     The Mistaken Colors do not match the colors of the backgrounds on the heel tabs of the Ex. A. Accused Footwear and are distinctly darker and/or more purple than the shades of blue shown by the Actual Colors.

34.     Vans was not aware the Mistaken Colors had been incorrectly identified at the time the 2012 Agreement was signed.

35.     Upon information and belief, Keds either was not aware the Mistaken Colors had been incorrectly identified, or knew the Mistaken Colors were incorrectly identified and remained silent as to that misidentification.

36.     Upon information and belief, Keds has never used the Mistaken Colors as the background color for any of its heel tabs.

37.     As it is currently written, the language of the 2012 Agreement does not accurately reflect the true intent of Keds and Vans.

38.     As it is currently written, the language of the 2012 Agreement does not accurately reflect the true Pantone colors of the Ex. A. Accused Footwear.

## COUNT I

### U.S. TRADEMARK REGISTRATION NOS. 685,185 AND 1,784,225 ARE FUNCTIONAL AND INVALID AND SHOULD BE CANCELLED UNDER 15 U.S.C. §§ 1119 AND 1064

39.     Vans hereby incorporates by reference paragraphs 1 through 38 of its Counterclaims as though fully set forth at length.

40.     The alleged mark which is subject of U.S. Registration No. 685,185 is functional and, as such is not eligible for trademark protection.

41.     The alleged mark which is subject of U.S. Registration No. 1,784,225 is functional and, as such is not eligible for trademark protection.

42.     Vans is being and will continue to be damaged by Keds' continued registration of the BLUE LABEL Trademarks as such registrations form the basis of Plaintiffs' meritless claims of, among other things, trademark infringement, unfair competition, and dilution.

43.     In consideration of the foregoing allegations, the Court should declare U.S. Registration Nos. 685,185 and 1,784,225 invalid and cancelled pursuant to 15 U.S.C. §§ 1119 and 1064.

## COUNT II

### U.S. TRADEMARK REGISTRATION NOS. 685,185 AND 1,784,225 ARE FUNCTIONAL AND INVALID AND, ALTERNATIVELY, SHOULD BE PARTIALLY CANCELLED OR RESTRICTED UNDER 15 U.S.C. §§ 1119 AND 1068

44.     Vans hereby incorporates by reference paragraphs 1 through 43 of its Counterclaims as though fully set forth at length.

45.     Vans has consistently used various colors, including a wide range of blues for both the Vans Trademarks and the Backgrounds applied to heel tabs of Vans' footwear.

46.     Keds' U.S. Trademark Registration Nos. 685,185 and 1,784,225 claim only a "blue rectangular design which is attached to the heel or instep of" a shoe or footwear.

47.     Keds does not identify or limit the particular blue color it uses on the heels or insteps of its footwear in the BLUE LABEL Trademarks.

48.     In its Complaint, Keds has challenged Vans' ability to use a variety of colors for the heel tabs applied to Vans' footwear, including a wide range of varying shades of blues and greens.

49.     Upon information and belief, Keds only uses a particular shade of blue for its rectangular design, which shade of blue is reflected as Pantone 19-3864 TPX known as Mazarine Blue.

50.     A cancellation or restriction of the BLUE LABEL Trademarks to the particular shade of blue Keds actually uses, which shade of blue is reflected as Pantone 19-3864 TPX known as Mazarine Blue, will avoid any alleged likelihood of confusion between the BLUE LABEL Trademarks and the heel tabs used by Vans for its footwear.

51.     In consideration of the foregoing allegations, the Court should declare U.S. Registration Nos. 685,185 and 1,784,225 invalid and cancel and/or restrict by limiting said registrations to the particular shade of blue used by Keds, believed to be Pantone 19-3864 TPX known as Mazarine Blue, pursuant to 15 U.S.C. §§ 1119 and 1068.

## COUNT III

### REFORMATION OF THE 2012 AGREEMENT DUE TO UNILATERAL OR MUTUAL MISTAKE UNDER MASSACHUSETTS STATE LAW

52.     Vans hereby incorporates by reference paragraphs 1 through 51 of its Counterclaims as though fully set forth at length.

53.     As it is currently written, the language of the 2012 Agreement does not accurately reflect the true intent of Vans and Keds.

54.     Vans and Keds intended to accurately identify the specific Pantone colors used for the backgrounds on the heel tabs of the Ex. A Accused Footwear.

55.     The background colors used for the heel tabs of the Ex. A Accused Footwear were mistakenly identified in the 2012 Agreement as Pantones 19-3939 Blueprint and 19-3730 Gentian Violet.

56.     The actual Pantone colors used as the backgrounds on the heel tabs of the Ex. A. Accused Footwear were Pantones 19-4052 TPX Classic Blue and 19-3864 TPX Mazarine Blue.

57.     Vans was not aware of the mistaken identification of the Pantone colors at the time the 2012 Agreement was signed.

58.     Upon information and belief, Keds either was not aware of the mistaken identification of the Pantone colors at the time the 2012 Agreement was signed, or knew of the mistaken identification at that time and remained silent as to that misidentification.

59.     In consideration of the foregoing allegations, the Court should reform the 2012 Agreement to accurately reflect the true intent of the Parties by deleting from Paragraph 2 of the 2012 Agreement the following: "…(Pantones 19-3939 Blueprint and 19-3730 Gentian Violet…" (the "Deleted Language") and replacing the Deleted Language with the following: "…(Pantones 19-4052 TPX Classic Blue  and 19-3864 TPX Mazarine Blue …."

**PRAYER FOR RELIEF**

WHEREFORE, Vans demands judgment in its favor and against Keds on Vans' Counterclaims set forth in Paragraphs 1 through 59 above and award Vans the following relief:

a. a declaration that Keds has no valid protectable rights in the trade dress shown in U.S. Registration No. 685,185 for a blue rectangular design which is attached to the heel or instep of the shoe, and that this registration should be cancelled;

b. cancellation of U.S. Registration No. 685,185;

c. alternatively, for cancellation or restriction of U.S. Registration No. 685,185 to limit the Registration to a particular shade of blue, which shade of blue is reflected as Pantone 19-3864 TPX known as Mazarine Blue;

d. a declaration that Keds has no valid protectable rights in the trade dress shown in U.S. Registration No. 1,784,225 for a blue rectangular design which is attached to the heel or sole of footwear, and that this registration should be cancelled;

e. cancellation of U.S. Registration No. 1,784,225;

f. alternatively, for cancellation or restriction of U.S. Registration No. 1,784,225 to limit the Registration to a particular shade of blue, which shade of blue is reflected as Pantone 19-3864 TPX known as Mazarine Blue.

g. that the 2012 Agreement be reformed to reflect the true intent of the parties by deleting the following from Paragraph 2 of the 2012 Agreement: "…(Pantones 19-3939 Blueprint and 19-3730 Gentian Violet…" and replacing it with the following: "…(Pantones 19-4052 TPX Classic Blue and 19-3864 TPX Mazarine Blue …."

h. that Keds be required to pay Vans the costs of this action and Vans' reasonable attorneys' fees in accordance with Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a); and

i.　　　that Vans be granted such other non-monetary relief as this Court

deems necessary and proper.


Date:　July 7, 2014　　　　　　　　　　　/s/ William D. Belanger
　　　　　　　　　　　　　　　　　　　William D. Belanger (BBO # 657184)
　　　　　　　　　　　　　　　　　　　Jaclyn M. Essinger (BBO # 679695)
　　　　　　　　　　　　　　　　　　　PEPPER HAMILTON LLP
　　　　　　　　　　　　　　　　　　　19th Floor, High Street Tower
　　　　　　　　　　　　　　　　　　　125 High Street
　　　　　　　　　　　　　　　　　　　Boston, MA 02110-2736
　　　　　　　　　　　　　　　　　　　P:  (617) 204-5100
　　　　　　　　　　　　　　　　　　　F:  (617) 204-5150
　　　　　　　　　　　　　　　　　　　belangerw@pepperlaw.com
　　　　　　　　　　　　　　　　　　　essingerj@pepperlaw.com

　　　　　　　　　　　　　　　　　　　Paul J. Kennedy  (Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　Sean P. McConnell (Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　Noah S. Robbins (Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　PEPPER HAMILTON LLP
　　　　　　　　　　　　　　　　　　　3000 Two Logan Square
　　　　　　　　　　　　　　　　　　　Eighteenth & Arch Streets
　　　　　　　　　　　　　　　　　　　Philadelphia, PA  19103-2799
　　　　　　　　　　　　　　　　　　　P:  (215) 981-4000
　　　　　　　　　　　　　　　　　　　F:  (215) 981-4750
　　　　　　　　　　　　　　　　　　　kennedyp@pepperlaw.com
　　　　　　　　　　　　　　　　　　　mcconnells@pepperlaw.com
　　　　　　　　　　　　　　　　　　　robbinsn@pepperlaw.com

　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant/Counterclaimant,*
　　　　　　　　　　　　　　　　　　　*Vans, Inc.*

## CERTIFICATE OF SERVICE

I, William D. Belanger, hereby certify that a true and correct copy of the foregoing Defendant's Answer, Affirmative Defenses, and Counterclaims has been filed electronically and is available for viewing and downloading from the ECF system. All parties have consented to electronic service.


Date:  July 7, 2014                          /s/ William D. Belanger
                                             William D. Belanger